835 F.2d 871
 Unpublished Disposition
NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
AQUA-AEROBIC SYSTEMS, INC., Plaintiff-Appellee,
v.
RICHARDS OF ROCKFORD, INC., Defendant-Appellant.
 No. 87-1223.
 United States Court of Appeals, Federal Circuit.
 Nov. 20, 1987.
 
 Before FRIEDMAN, Circuit Judge, JACK R. MILLER, Senior Circuit Judge, and NIES, Circuit Judge.
 NIES, Circuit Judge.
 
 DECISION
 
 1
 Richards of Rockford, Inc., appeals from a final judgment of the United States District Court for the Northern District of Illinois, 1 USPQ2d 1945 (1986), holding Richards liable for willful infringement of claims 1-6 and 8 of U.S. Patent No. 3,606,273 (the '273 patent) issued to John Johnson and owned by Aqua-Aerobic Systems, Inc. On appeal, Richards challenges the court's holding of (1) validity of, inter alia, claims 1 and 2 and enforceability of Aqua's patent, which we affirm, and (2) infringement of claims 3-6 and 8, which we vacate. Thus, we affirm-in-part and vacate-in-part.*
 
 OPINION
 
 2
 * The claimed subject matter of the '273 patent relates to a floating aerator for pumping liquid from a source into the air to add oxygen to the liquid. Richards has long been in the business of manufacturing such aerators. Johnson, a former employee of Richards from 1967 to 1969, is the inventor of the claimed invention which Richards was found to have infringed. Johnson developed his invention after he left Richards, filing his application in 1970. A principal issue, however, is whether Johnson's '273 invention would have been obvious from a pre-1970 Richards' aerator considered with the Kiekhaefer reference.
 
 
 3
 Aqua was successful below in proving that Richards willfully infringed claims 1-6 and 8 of the '273 patent through Richards' manufacture and sale of its "Unit 1" aerator. On appeal, Richards admits that it willfully infringes claims 1 and 2, if valid and enforceable, but denies that its device falls within the scope of claims 3-6 and 8. It continues to assert two affirmative defenses: 1) the instant claims are invalid under 35 U.S.C. Sec. 103, and 2) the claims are unenforceable due to Johnson's inequitable conduct in failing to bring to the examiner's attention Richards' pre-1970 aerator during prosecution of the '273 patent application before the United States Patent and Trademark Office (PTO). Because the number of valid claims infringed here has no bearing on damages, we need only address the validity issues with respect to independent claim 1 and dependent claim 2.
 
 II
 
 4
 Aerators of the type under consideration typically comprise a float supporting a pump and motor assembly and a casting that forms the water outlet. The motor drives a shaft to which a propeller is attached at one end below the water level. A housing surrounds the propeller to form the water inlet. Aerators of this type encounter a problem when large solid objects become ingested in the flow of water and, consequently, strike the propeller, subjecting the shaft to bending and causing the propeller to contact the housing. Johnson's invention addresses this problem.
 
 
 5
 To overcome excessive shaft bending, Johnson employed a deflection bearing, in the form of a cylindrical sleeve surrounding the shaft located above the water level approximately midway between the motor and the propeller. The deflection bearing is spaced from the shaft a distance considerably less than the distance between the tips of the propeller blades and the housing. Thus, when the shaft encounters a side load generated by a solid object contacting the propeller, the bearing engages the shaft to provide added support to prevent excessive bending and to avoid contact between the tips of the propeller blades and the surrounding housing.
 
 
 6
 Richards urges that the district court analyzed the validity of the claims "in a vacuum" under the anticipation standard of 35 U.S.C. Sec. 102 and failed to consider the obviousness of the claims under 35 U.S.C. Sec. 103 by combining the teachings of the Kiekhaefer reference with the teachings of the pre-1970 Richards aerator. Per Richards, the claimed invention amounts to no more than putting a deflection bearing in its old aerator. Richards maintains that Kiekhaefer supplies the teaching of a deflection bearing, albeit in an outboard motor for a boat. It argues that the approximate mid-shaft location of the bearing, admittedly not taught in Kiekhaefer, would have been an obvious variant in an aerator.
 
 
 7
 In its discussion of the prior art, the district court stated that "Kiekhaefer does not deal with aerators and does not suggest that its deflection bearing would serve any useful purpose in an aerator." 1 USPQ2d at 1952. Richards relies on that statement in support of its contention that the court improperly failed to consider the obviousness of the claims under section 103. We fail to see how Richards' inference of error is justified. In context, the statement refers to lack of an express suggestion as becomes clear in the court's entire analysis. The court relied on the claimed orientation of the deflection bearing, not the absence of prior art teaching a deflection bearing per se. Thus, the statement is not only factually correct, but also indicates that the district court refused to engage in hindsight reconstruction of the claimed invention as Richards would have this court do. Moreover, Richards points to nothing in the prior art which teaches or impliedly suggests the claim limitations relating to the orientation of the bearing. Thus, we are unpersuaded that the district court erred in holding that the invention of claim 1 would not have been obvious from prior art aerators including the pre-1970 Richards aerator in view of Kiekhaefer.
 
 
 8
 Richards takes exception to the district court's finding that the '273 patented device enjoyed overwhelming commercial success. We see no need to address that argument in light of our affirmance of the court's holding that Richards failed to meet its burden of proving that the claims would have been obvious. Until an accused infringer has met that burden, a patentee need not rely on objective indicia of nonobviousness, such as commercial success, to establish the validity of the claims. See Orthokinetics, Inc. v. Safety Travel Chairs, Inc., 806 F.2d 1565, 1570, 1 USPQ2d 1081, 1084 (Fed.Cir.1986).
 
 
 9
 In view of our affirmance of the district court's holding that Richards failed to prove claim 1 invalid, we also need not reach Richards' arguments with regard to dependent claim 2 which is more restrictive than claim 1. See Hartness Int'l, Inc. v. Simplimatic Eng'g Co., 819 F.2d 1100, 1108 & n. 5, 2 USPQ2d 1826, 1831 & n. 5 (Fed.Cir.1987); Panduit Corp. v. Dennison Mfg. Co., 810 F.2d 1561, 1576 n. 36, 1 USPQ2d 1593, 1604 n. 36 (Fed.Cir.), cert. denied, 107 S.Ct. 2187 (1987).
 
 III
 
 10
 Richards further alleges that the district court erred in failing to hold the '273 patent unenforceable based on Johnson's inequitable conduct in not disclosing the pre-1970 Richards aerator to the PTO examiner during prosecution of his patent. Richards contends that the court's holding is premised on the highly erroneous finding that Richards' pre-1970 aerator is not "relevant" prior art. Contrary to Richards' view, we read the court's opinion as finding that the pre-1970 aerator was "no more relevant" than the references considered by the examiner. Richards fails to demonstrate to this court that that finding is clearly erroneous. Merely cumulative references are not deemed "material" in the context of a determination of inequitable conduct. Rolls-Royce Ltd. v. GTE Valeron Corp., 800 F.2d 1101, 1106-07, 231 USPQ 185, 189 (Fed.Cir.1986). Finally, facial similarity in outside configuration does not make the Richards pre-1970 aerator closer prior art.
 
 IV
 
 11
 In sum, we affirm the district court's decision that Richards failed to prove that claims 1 and 2 are invalid for obviousness or that the '273 patent is unenforceable. We affirm the court's judgment in favor of Aqua against Richards for willful infringement of claims 1 and 2 of the '273 patent and vacate the judgment with respect to claims 3-6 and 8.
 
 
 
 *
 Richards' motion for leave to file a Supplemental Appendix in this case has been granted, and the contents of that Appendix have been considered